UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DAVID A. BARGER, # 118579 ) | |
| ) | |
| v. ) | NO. 2:06-CV-118 |
| ) | |
| PHIL BREDESEN, Governor of Tennessee; ) | |
| GEORGE M. LITTLE, Commissioner of the ) | |
| Tennessee Department of Correction; ALL ) | |
| PERSONS CONTRACTING TO HOLD ) | |
| STATE SENTENCED INMATES; *et al.* ) | |

**MEMORANDUM and ORDER**

Seeking injunctive and declaratory relief, David A. Barger, a state prisoner housed in the Carter County Annex-NECX (CCA) in Roan Mountain, Tennessee, brings this *pro se* civil rights complaint and proposed class action under 42 U.S.C. § 1983. Among the defendants are ninety-seven Tennessee officials, including Governor Phil Bredesen, TDOC Commissioner George M. Little, and the sheriffs of all ninety-five counties in Tennessee.

It appears from the plaintiff's application to proceed *in forma pauperis* that he lacks sufficient financial resources to pay the required filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nevertheless, the plaintiff is not relieved of the ultimate responsibility of paying the filing fee, and he, therefore, is **ASSESSED** the civil filing

fee under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;

    <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the CCA and to George M. Little, Commissioner of the Tennessee Department of Correction, to ensure full compliance with the fee assessment procedures outlined above.

In his complaint, the plaintiff alleges that, pursuant to a contract and/or a Tennessee statute, a felony prisoner housed in a local jail or workhouse may earn

more sentence reduction credits [up to 500 days per year, by the plaintiff's calculation] than a felony prisoner confined in a state correctional facility [192 days, as he computes it]. He contends that, with the approval of the Governor and the Commissioner of the Tennessee Department of Correction, each county sheriff, superintendent, and jail administrator engages in this practice and that, because the sheriff or the administrators know them, some felons—even those with lengthy sentences—are assigned to serve all or part of their sentences in local jails. He asks the Court to declare this practice "unfair" and to order that all state-sentenced inmates be treated equally.

The Court infers that the plaintiff is claiming that the contract- or statutory- based practice of offering felony prisoners housed in jails an opportunity to earn more sentencing credits than can be earned by those housed in state prisons denies him equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution. Unfortunately for the plaintiff, his contentions fail to state a claim entitling him to relief under § 1983.

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, the plaintiff must show that the defendants intentionally discriminated against him based on his membership in a

suspect class. *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir. 1988) (a plaintiff must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim."). Further, he must demonstrate that a discriminatory purpose was a factor in the defendants' challenged practice. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp*., 429 U.S. 252, 265-66 (1997). Also, he must prove that he was treated differently from those who are similarly situated to him. *Id*. at 270 n.21.

None of these things have been established here. The plaintiff does not allege that he is a member of a protected class,[1] he has not demonstrated any purposeful discrimination, and he has not shown that he is similarly situated to other felony prisoners, regardless of the situs of their confinement. *See Moss v. Clark*, 886 F.2d 686, 691 (4th Cir. 1989) (holding that District of Columbia prisoners housed in D.C. jails were not similarly situated to those housed in federal prisons, so that treating them differently with respect to good time credits did not deny them equal protection). The plaintiff's claim, winnowed down to its essence, is that one group of felony inmates is treated differently than another group. A mere difference in

---

[1] Indeed, prisoners are not a suspect class for purposes of an equal protection analysis. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

treatment does not offend the equal protection clause. *See Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) ("[P]laintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently.").

Finally, to the extent that the plaintiff is challenging the decision to house him in the CCA, rather than in a local jail, he has no recognizable right under the Constitution to be confined in any particular facility. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983).

By a separate order, this lawsuit will be dismissed for failure to state a claim. 28 *U.S.C.* § 1915(e)(2); § 1915A.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
